FILED
2019 Dec-18 PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MANSON FISHER, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GAINES G. McCORQUODALE, et al., ) <br> ) <br> Defendants. ) | Case No. 2:19-cv-01873-LSC-SGC |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 18, 2019, Manson Fisher, Jr., a prisoner confined at Donaldson Correctional Facility in Bessemer, Alabama, filed a *pro se* complaint asserting claims styled as violations of contract, trust, guardianship, Alabama state laws, and U.C.C. laws and regulations, as well as claims for fraud, conversion, and unjust enrichment. (Doc. 1 at 1). The complaint names various Alabama state and county officials as defendants and demands monetary damages and unspecified injunctive relief. (*Id.* at 2, 5).

The plaintiff has not paid the $400.00 filing fee to commence this lawsuit, nor filed a motion seeking leave to proceed *in forma pauperis*. As explained below, any motion seeking *in forma pauperis* would be futile. The Prison Litigation Reform Act, which established restrictions on prisoners' ability to file civil rights actions in federal court, provides in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has interpreted this statute as requiring a prisoner who has had three or more cases dismissed as meritless to pay the full filing fee at the time he initiates the lawsuit. *Dupree v. Palmer,* 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule concerns prisoners facing imminent danger of serious physical injury.

A review of this court's records reveals the plaintiff has filed at least three cases which have been dismissed as meritless: *Fisher v. Talley*, No. 99-1755-WMA-TMP; *Fisher v. Carter*, No. 01-0614-CLS-TMP; and *Fisher v. Hightower*, No. 05-2051-WMA-TMP. Therefore, the instant matter falls under 28 U.S.C. § 1915(g). After careful review of the complaint in this matter, the court concludes the plaintiff has not alleged any facts to show that he is under "imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g). Because the plaintiff failed to pay the $400.00 filing fee at the time he filed this complaint, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation.  The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice.  11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the undersigned's findings of fact and recommendations.  The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this 18th day of December, 2019.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE