## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MANSON FISHER, JR., # 152643, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00125-JB-B |
| | * |
| GAINES G. McCORQUODALE, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Manson Fisher, Jr., an Alabama prison inmate proceeding *pro se*, paid the $400 statutory filing fee for this § 1983 action.[1] The action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed, with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief can be granted and is frivolous.

**I. First Amended Complaint. (Doc. 13).**

The complaint before the Court is a court-ordered amended complaint that supersedes Fisher's original complaint. (Docs. 10 at 5; Doc. 13). In his first amended complaint, Fisher names as

---

1 This action was transferred to this Court from the Northern District of Alabama. (Doc. 8).

Defendants, Allen Bailey, Chairman of the County Commission of Washington County, Alabama, in his official capacity; Valerie Knapp, Circuit Court Clerk of Washington County, in her individual and official capacity; Kay Ivey, Governor of the State of Alabama, in her official capacity; and Washington County, Alabama, in its capacity as a corporation. (Doc. 13, at 5-7). Fisher's claims arose in Washington County, Alabama, in 1988 and are continuing. (Id. at 4). Fisher is currently incarcerated at Donaldson Correctional Facility. Following a conviction on December 2, 1988, Fisher received a sentence of life without parole. (Id. at 13).

In his first amended complaint, Fisher seeks declaratory and injunctive relief and damages under § 1983 for being held in peonage in violation of 42 U.S.C. § 1994. According to Fisher, "he is being as held surety/collateral for bonded debt, listed within a CUSIP identified mutual fund's bond tranche listing, whereon said collateral is further identified by a case number and identifier thereto, the sentence imposed thereunder, the interest rate in which the bonds mature and the county and state of the origin of debt being traded." (Id. at 6, PageID.20).

As best the Court can discern from Fisher's allegations, he contends that on or about July 5, 2019, he "became aware that criminal charges have monetary value attached to them (wherein securities are issued) pursuant to the Code of Federal Regulations 27 CFR § 72.11." (Id. at 7, PageID.21). Thus, he began

investigating to determine if the "draft warrant" in his case had been sold, and if U.S. Government guaranteed securities had been purchased from the U.S. General Services Administration, which would place him under "bonded debt." (Id.).

According to Fisher, Defendant Washington County, through its agents, admitted on or about September 27, 2019, that Plaintiff is the collateral "listed within a CUSIP identified mutual fund . . . ."; Defendant Valerie Knapp admitted that the Circuit Court uses an accounting and asset tracking system to monitor the performance of bonds and they are listed as penal or prison bonds on the State's and county's annual financial reports; and Defendant Allen Bailey admitted "criminal case collateralized debt obligations (CDO's) and bonded debts are outlined within the Alabama consolidated annual financial report (CAFR)." (Id. at 7-8, PageID.21-22). In addition, Defendant Kay Ivey has admitted that Fisher is collateral in a mutual fund's tranche. (Id. at 8, PageID.22).

Fisher maintains that Defendants violated the Constitution and 42 U.S.C. § 1994. (Id.). Therefore, he requests a declaratory judgment that holding him as collateral is a form of peonage which violates the Thirteenth Amendment and 42 U.S.C. § 1994, an injunction requiring Defendant Knapp to recall the bonds and to provide him with the CUSIP number of the bond issued under his name and social security number, compensatory damages from

3

Defendant Washington County for violating the Constitution and laws of the United States, and such other relief to which he may be entitled. (Id. at 8-9, PageID.22-23).

## II. Standards of Review Under 28 U.S.C. § 1915A

The Court is screening Fisher's First Amended Complaint (Doc. 13) under 28 U.S.C. § 1915A, which provides:

> (a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)&(b). This section provides a screening mechanism for an action filed by a prisoner and does not distinguish between a prisoner who pays the filing fee or one who proceeds *in forma pauperis*. Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir.),[2] cert. denied, 552 U.S. 994 (2007); Martin v. Scott, 156 F.3d 578, 580 (5th Cir.), cert. denied, 527 U.S. 1041 (1999). Under

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th CIR. R. 36-2 (2005).

§ 1915A(a), "the district court immediately ha[s] jurisdiction to review the complaint to decide whether it was required to dismiss it[.]" Cooper v. U.S. Dep't of Treasury, DEA, 2006 WL 637817, at *2 n.2 (11th Cir. 2006) (unpublished).

Under 28 U.S.C. § 1915A(b)(1), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).[3] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. And, a claim is factually frivolous when its factual allegations are clearly baseless, that is, rising to the level of irrational or wholly incredible, such as allegations that are delusional, fanciful, and fantastic. Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon

---

[3] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statutes, 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. Bilal v. Driver, 251 F.3d 1346, 1348–49 (11th Cir.) (§ 1915(e)(2)(B)), cert. denied, 534 U.S. 1044 (2001); Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (§ 1915A).

5

which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions

6

or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

To state a § 1983 claim, a plaintiff must allege: "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In this action, Fisher contends that Defendants have violated the Thirteenth Amendment and 42 U.S.C.§ 1994.

At the outset, Fisher bases his theory on the idea that a criminal charge has monetary value attached to it by 27 C.F.R. § 72.11. (Doc. 13 at 21, PageID.21). This regulation, however, "sets forth the meaning of various terms used in the regulations governing the Bureau of Alcohol, Tobacco and Firearms." Tennessee v. Crouch, 2009 WL 2867899, at *2 (E.D. Tenn. 2009) (unpublished). This regulation has no relevancy to this action; however, Fisher nonetheless uses it as the basis for his theory that Defendants have violated his rights under the Thirteenth Amendment and 42 U.S.C. § 1994.

Moreover, considering the nature of Fisher's allegations, he

7

appears to be advancing an imagined theory of liability that is fanciful and, in the Court's experience, is unbelievable. In Fisher's weaving of his theory, he attempts to connect his allegations to violations of the Thirteenth Amendment. This Amendment, which outlawed slavery and involuntary servitude, provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. The involuntary servitude, referred to by the Thirteenth Amendment, has been construed by courts to include peonage. Pierce v. U.S., 146 F.2d 84, 86 (5th Cir. 1944)("Peonage is a status or condition of compulsory service or involuntary servitude based upon a real or alleged indebtedness."), cert. denied, 329 U.S. 814 (1947); Bailey v. Alabama, 219 U.S. 219, 31 S.Ct. 145, 55 L.Ed. 191 (1911) (same). Peonage was explicitly abolished by 42 U.S.C. § 1994. 42 U.S.C. § 1994 ("The holding of any person to service or labor under the system known as peonage is abolished and forever[.]").

Even though Fisher claims that the Thirteenth Amendment has been violated, this Amendment excludes from its reach a claim brought by a prisoner for compensation for his work. "Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary

8

servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) (quotation marks and citation omitted) (finding the Thirteenth Amendment was not implicated by a former inmate's claim for compensation for work performed while a prisoner, even after his conviction was reversed); see Holt v. Givens, 757 F. App'x 915, 922 (11th Cir. 2018) (finding no violation of the Thirteenth Amendment when the plaintiff was deprived of his paid job and forced to work at an unpaid job for the Department of Corrections).

Furthermore, the undersigned finds Fisher's allegations do not make a logical connection to a violation of the Thirteenth Amendment, nor do his allegations compel a likely or understandable nexus to the Thirteenth Amendment. That is, Fisher did not allege that he performed work while incarcerated. It then stands to reason that Fisher is suing merely because he has been convicted and incarcerated, and he theorizes that the government is somehow benefiting, possibly financially, from his conviction and incarceration. However, the opposite would appear to be more accurate, as the State and its citizens are paying for Fisher's incarceration, which cannot be considered a financial benefit to the State.

To the extent that Fisher is attempting to be compensated for his conviction and sentence, and if this attempt would have the

9

effect of invalidating his confinement or its duration, he must satisfy the rule of law from Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), before an action under § 1983 can proceed. To that end, he must show that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487, 114 S.Ct. at 2373. Fisher's allegations do not make this showing.

Accordingly, for each of the foregoing reasons, the undersigned finds that Fisher's first amended complaint is baseless and factually frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, the undersigned finds that this action is due to be dismissed with prejudice pursuant 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief can be granted and is frivolous. See Sheldon v. Price, 2019 WL 2112960, at *3 (E.D. Va. 2019) (unpublished) (dismissing, as frivolous and for failure to state a claim, a prisoner's Thirteenth Amendment claim that defendant T. Rowe Price allegedly subjected him to involuntary servitude when bonds were issued listing him as a surety); cf. Trevino v. Florida, 687 F. App'x

861, 862 (11th Cir. 2017)("Trevino's factual allegations that he is a party to some sort of secured transaction requiring Florida to release him are clearly baseless[,] and . . . [i]f [he is] challeng[ing] his conviction, habeas corpus . . . is the proper avenue").

**<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **May, 2020.**

                                          **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**